UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND M. MARTIN,<br><br>    Defendant. | Case No. 09-cr-40037-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Raymond Martin's (hereinafter "Martin") Motion to Suppress (Doc. 60) and Memorandum (Doc. 61) in support thereof. The Government filed a Response (Doc. 63) thereto, to which Martin filed a Reply (Doc. 65) that makes no further argument on his motion. For the following reasons, the Court **DENIES** the instant motion.

**BACKGROUND**

As a preliminary matter, the Court notes that the parties do not dispute the following facts.

On May 17, 2009, the Government filed a five-count criminal Complaint (Doc. 1) against Martin, alleging three counts of distribution of marijuana and two counts of carrying a firearm during and in relation to a drug trafficking crime. The Court appointed Assistant Federal Public Defender Melissa Day (hereinafter "Day") to Martin's defense the next day. On June 2, a federal grand jury returned an Indictment (Doc. 12) against Martin that charged him with the same five offenses contained in the complaint. On September 23, the grand jury returned a six-count Superseding Indictment (Doc. 22) that added one count of conspiracy to distribute and possess with intent to distribute marijuana. The Illinois State Police and United States Drug Enforcement Administration primarily conducted the investigation that produced the original and superseding indictments.

In late December 2009, the Jackson County Sheriff's Department received information from multiple sources that Martin had solicited them to kill two of the witnesses cooperating with the prosecution in his drug case. Martin purportedly spoke to these sources about the murder-for-hire

while housed in the Jackson County jail, where he had been since his detention. Between January 2 and 5, 2010, Jackson County Sheriff Robert Burns and Jackson County Detective Mike Ryan interviewed Martin to discern his involvement with the alleged murder-for-hire. The officers recorded these interviews via video. At the beginning of each interview, the officers advised Martin of his constitutional rights, which he promptly waived in writing. In questioning Martin, the officers specifically and purposefully did not discuss the pending drug case. On January 25, the Court allowed Day to withdraw from representation of Martin due to an actual conflict of interest. The Court appointed John O'Gara to Martin's case on February 5, and he remains defense counsel of record.

On March, 3, 2010, the grand jury returned a Second Superseding Indictment (Doc. 36) that added eight counts of various witness tampering charges and one count of attempted structuring of financial transactions. Martin's interviews with the Jackson County officers help form the basis of the witness tampering counts, and Martin now moves for their suppression on the grounds that they were obtained in violation of his Sixth Amendment right to counsel.

## ANALYSIS

"A defendant who seeks to suppress evidence bears the burden of making a prima facie showing of illegality." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Here, Martin agrees with the Government that no suppression hearing is necessary; therefore, the Court may rule on the motion based on its briefing.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right applies to the states through the incorporation clause of the Fourteenth Amendment. The right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972); *accord Texas v. Cobb*, 532 U.S. 162, 167-68 (2001); *Quadrini v. Clusen*, 864

F.2d 577, 589 (7th Cir. 1989). "Once formal criminal proceedings begin, the Sixth Amendment renders inadmissible in the prosecution's case in chief statements 'deliberately elicited' from a defendant without an express waiver of the right to counsel." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990). *See Massiah v. United States*, 377 U.S. 201, 205-06 (1964); *Quadrini*, 864 F.2d at 585.

The Sixth Amendment right to counsel, however, is offense specific. *Cobb*, 532 U.S. at 167; *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). A defendant formally charged with one crime does not have a Sixth Amendment right to counsel during interrogation about another crime with which he has not been formally charged. Put another way, the Sixth Amendment right to counsel "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced. . . ." *McNeil*, 501 U.S. at 175. Although lower courts in the past have held that there is a limited exception to this rule for charged and uncharged crimes that are "factually related" or "inextricably intertwined," the Supreme Court has firmly rejected such an exception. *Cobb*, 532 U.S. at 168. Instead, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id*. at 173 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)) (quotation marks omitted); *United States v. Krueger*, 415 F.3d 766, 775 (7th Cir. 2005).

Here, Martin does not argue that any portion of the interviews involved a discussion of the drug and firearms charges of the original and first superseding indictment. Subsequently, the Court can and will assume Martin is making the broad argument that, since he was represented by Day at the time of the interviews, he could not be interrogated for new offenses without her by his side.[1]

---

[1] This argument presupposes that Martin could not make an effective waiver of his Sixth Amendment right to counsel. If a charged defendant has not yet affirmatively asserted the right to counsel, law enforcement officers may use statements obtained in a post-indictment interview if the defendant voluntarily, knowingly and intelligently waives his Sixth Amendment right to counsel by, for example, waiving his Fifth

A review of binding precedent and the chronology of this case dictates that suppression must be denied.  There is no question that the drug and firearms charges are offenses separate from the witness tampering charges due to their independent elements and the distinct proofs of fact needed to obtain convictions of the crimes.  As such, the Jackson County officers could freely question Martin (limited, of course, by *Miranda v. Arizona*, 384 U.S. 436, its progeny, and the Fifth Amendment) on the murder-for-hire so long as he had not been formally charged with any crimes relating thereto.  The record clearly shows Martin was not formally charged with any such crimes until the grand jury returned the second superseding indictment on March 3, 2010, two months after the interviews at issue.  Therefore, the officers did not violate Martin's Sixth Amendment right to counsel.  The Government is right to draw attention to *United States v. Mir*, 525 F.3d 351 (4th Cir. 2008), a case analogous to that before the Court wherein suppression was upheld.  Martin's reliance on *Massiah v. United States*, 377 U.S. 201 (1964) is misplaced, as that case involved statements relating to the defendant's initial charges made outside the presence of counsel.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Martin's Motion to Suppress (Doc. 60).

**IT IS SO ORDERED.**
**DATED: September 3, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

Amendment *Miranda* rights.  *Michigan v. Harvey*, 494 U.S. 344, 348-49 (1990); *Patterson v. Illinois*, 487 U.S. 285, 292-93 (1988).
   Here, the Court need not reach the waiver issue due to the preclusive findings herein.