**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No.: **4:09-cr-40037-JPG-1** |
| **RAYMOND M. MARTIN,** | ) ) ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(c) for a Report and Recommendation (Doc. 188).

Before the Court are Defendant Raymond Martin's requests for hearings on post-judgment executions (Docs. 181, 183, 185) regarding the Government's applications for a writ of execution (Docs. 162, 164, 166), wherein the Government seeks to collect certain property of Martin in order to satisfy the outstanding judgment entered in this case. Martin requests a hearing on whether the property is exempt from collection.

"[A] debtor, by application to the court in which an action or proceeding … is pending, may request a hearing on the applicability of any exemption claimed by the debtor." 28 U.S.C. § 3014(b)(2). "The Court shall determine the extent (if any) to which the exemption applies." *Id.* However, claimants are not entitled to a hearing as a matter of law. *See, e.g., U.S. v. Gibson*, Case No. 01-30005 (S.D.Ill. Nov. 3, 2010). Rather the necessity of the hearing is left to the Court's discretion. *Id.* Here, Martin did not claim a specific exemption even though the Clerk of the Court afforded him a list of possible exemptions in its notices of post-judgment execution.

Docs. 162, 164, 166. Rather, Martin indicates only that he wants a hearing. Docs. 181, 183, 185. These vague requests lack the specificity required by 28 U.S.C. § 3014(b)(2). The Court cannot hold a hearing on the extent (if any) to which the exemption applies if the debtor has not specifically claimed an exemption. Furthermore, Martin did not respond to the notices of post-judgment execution within the stated timeframe that the notices provided. The notices required Martin to respond within 20 days and were all dated February 25, 2011. Docs. 162, 164, 166. Martin did not respond until April 14, 2011. Docs. 181, 183, 185.

For the forgoing reasons, it is **RECOMMENDED** that Defendant Martin's requests for hearings on post-judgment executions (Docs. 181, 183, 185) be **DENIED**.

Martin further requests that an attorney be appointed for the hearings. Docs. 181, 183, 185. It is further **RECOMMENDED** that, because the Court is recommending denial of the hearings, Defendant Martin's request for the appointment of counsel be **DENIED** as moot.

SO  RECOMMENDED.

DATED: <u>May 6, 2011</u>

<u>/s/ Phillip M. Frazier</u><br>
PHILIP M. FRAZIER<br>
UNITED STATES MAGISTRATE JUDGE