**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 4:09-cr-40037-JPG-1** |
| | ) | |
| **RAYMOND M. MARTIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(c) for a Report and Recommendation (Doc. 188).

Before the Court are petitioner Kristina Martin's objection to forfeiture and verified petition (Doc. 180), the government's motion for order finding no third party interests (Doc. 190), and the government's motion for summary judgment with respect to Kristina Martin's objection to forfeiture and verified petition (Doc. 193). For the following reasons, it is **RECOMMENDED** that Kristina Martin's objection to forfeiture and verified petition (Doc. 180) be **DENIED,** the government's motion for order finding no third party interests (Doc. 190) be **GRANTED**, and the government's motion for summary judgment with respect to Kristina Martin's objection to forfeiture and verified petition (Doc. 193) be **GRANTED**.

**A. Background**

This matter comes before the Court in relation to the criminal conviction of Raymond M. Martin. Raymond Martin was arrested on May 18, 2009 for various charges involving a marijuana trafficking conspiracy. *See* Docs. 1-8. On May 29, 2009, the government filed a civil

forfeiture case *in rem* captioned *United States v. Real Property Located at 9400 Sawmill Rd, Junction, Gallatin County, Illinois*, Case no. 3:09-cv-00410 (S.D.Ill. 2009). In that case, the government complained that the real property in question was used or intended to be used to commit, or to facilitate the commission of, a violation of federal drug control crimes (21 U.S.C. § 801 *et al.)*.[1]

On March 3, 2010, a second superseding indictment was returned in Raymond Martin's criminal case. Doc. 36. This indictment contained new criminal forfeiture counts alleging, among other counts, that the real property at located at 9400 Sawmill Road, Junction, Gallatin County, Illinois ("real property") was used to facilitate the commission of Raymond Martin's criminal acts or omissions. *See id*. The real property was acquired by Raymond Martin in 2001 and had been used as a residence by Raymond Martin and his family. Raymond Martin was ultimately convicted on the forfeiture count concerning the real property on September 23, 2010. *See* Doc. 93.

On January 20, 2011, Judge Gilbert entered a preliminary order for forfeiture pursuant to Federal Rule of Criminal Procedure 32.2. Doc. 141. In that order, Judge Gilbert ordered that various property, including the real property, be forfeited pursuant to 21 U.S.C. § 853(a) due to the property being "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" Raymond Martin's criminal acts or omissions. *See id*. at 1. Judge Gilbert further ordered that notice of the forfeiture be published pursuant to 21 U.S.C. § 853(n)(1) so that persons other than Raymond Martin who may have a claim or legal interest in the forfeited property may file a petition with the Court. *See id*. at 4. The order became part of Raymond Martin's final sentence, but the Court provided that the order may be amended with respect to petitions filed by third parties claiming an interest in the forfeited property. *See id*. at 6.

[1] This case was ultimately dismissed without prejudice.

On February 3, 2011, the government provided notice of forfeiture pursuant to Judge Gilbert's order (Doc. 141) and 21 U.S.C. § 853(n)(1). *See* Doc. 155. The notice provided that "[a]ll persons asserting an interest in or claim against the defendant properties must file a verified petition with the Clerk of this Court … on or before April 8, 2011." *Id.* at 3. Kristina Martin ("petitioner") filed her objection and verified petition with the Court on April 8, 2011 claiming a third party interest in the real property. *See* Doc. 180. The government responded on May 18, 2011 by filing the instant motion for summary judgment with respect to Kristina Martin's objection to forfeiture and verified petition. Doc. 193.

**B. Kristina Martin's Objection**

In her objection and verified petition (Doc. 180) and her response in opposition to the government's motion for summary judgment (Doc. 196), the petitioner asserts that she has an interest in the real property that the Court ordered forfeited by Raymond Martin as a result of the criminal proceedings against him. The petitioner was married to Raymond Martin from January 4, 2003 until December 20, 2010 when the couple divorced and claims to have used the property as a primary residence during that entire time.[2] *See* Doc. 180 at 2. The petitioner was awarded the real property as her sole property pursuant to the Illinois Marriage and Dissolution of Marriage Act in a judgment filed in White County, Illinois on December 20, 2010. *See id*. at 3. As a result of this state court judgment, the petitioner believes that she has an interest in the real property and objects to its forfeiture.

With respect to Kristina Martin's objection to forfeiture and verified petition (Doc. 180), the government has filed a motion for summary judgment (Doc. 193). Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The real

[2] There is some evidence that the petitioner vacated the property before December 20, 2010. *See* Doc. 194 at 2.

property in question was forfeited pursuant to 21 U.S.C. § 853. With regard to third parties, the relevant portions of that statute provide, in pertinent part, as follows:

> **§ 853. Criminal forfeitures**
>
> …
>
> (c) Third party transfers
>
> All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.
>
> …
>
> (n) Third party interests
>
> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
>
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> (4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.
>
> (5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> >
> > (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.
>
> (7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

…

21 U.S.C. § 853.

Therefore, in order to prevail on the instant motion for summary judgment, the government will need to demonstrate that there is no genuine issue of material fact as to whether the petitioner either 1) has a legal right, title, or interest in the property under Section 853(n)(6)(A) or 2) is a bona fide purchaser for value under Section 853(n)(6)(B).

The petitioner does not have a legal, right, title, or interest in the property under Section 853(n)(6)(A). Under Section 853(c), "[a]ll right, title, and interest in property … vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). The government contends that the date of the commission of the act giving rise to forfeiture of the real property cannot be any later than May 29, 2009 because this was the date that the government filed a civil forfeiture complaint regarding the real property. *See* Doc. 194 at 1. Therefore, the petitioner will need to establish a genuine issue of material fact as to whether she had an interest in the real property prior to May 29, 2009.

The petitioner claims that she has an equitable, undivided, one-half interest in the real property that vested to her in the marriage prior to May 29, 2009 and the criminal acts and omissions of Raymond Martin. Doc. 196 at 1-2. However, the evidence in the record demonstrates that Raymond Martin was the sole owner of the property until the dissolution of the marriage on December 20, 2010. Raymond Martin recorded a deed in his name only for the real property on January 13, 2001. *See* Doc. 194-1 at 2. Raymond Martin and the petitioner married on January 4, 2003. *See* Doc. 180-1 at 4. No deed for the real property was ever recorded in the petitioner's name. *See* Doc. 194-1 at 2. Whatever ownership interest Raymond Martin possessed on December 20, 2010 was transferred to the petitioner as part of the dissolution of the marriage. *See* Doc. 180-1 at 7. Thus, the real property was acquired by Raymond Martin before the marriage, and Raymond Martin held the property in his name until the dissolution of the marriage. Based on these facts and applying Illinois law, the real property was never "marital property" and the petitioner never had a legal right, title, or interest in the property until, arguably, the dissolution of the marriage. *See* 750 ILCS § 5/503 (excluding property acquired before the marriage from the definition of "marital property"); *see also Kujawinski v. Kujawinski*, 376 N.E.2d 1382, 1387 (Ill. 1978) (holding that the provision of the Illinois Marriage and Dissolution of Marriage Act providing that all property acquired by either spouse after the marriage and before a judgment of dissolution is presumed to be marital property does not prevent married persons from owning property separately during the marriage); *In re Marriage of Philips*, 558 N.E.2d 154, 157-58 (Ill.App., 1st Dist. 1990) (condominium that husband purchased prior to marriage with his separate property was nonmarital property not divisible upon dissolution of marriage, notwithstanding that property had been purchased in contemplation of marriage and that wife was assigned a beneficial interest therein); *Drennan v. Drennan*, 418 N.E.2d 30, 34 (Ill.App., 4th Dist. 1981) (home constructed by husband prior to

marriage with funds borrowed from husband's parents, title to which home remained in husband's name throughout marriage, was nonmarital property for purposes of property division following dissolution of marriage, even though wife executed mortgage note secured by such property and remained jointly liable on note following dissolution).

The Court is aware of the line of cases that provide that real property purchased by one spouse prior to marriage and held in his or her name throughout the marriage may be considered "marital property" when money used to pay the down payment and/or mortgage payments were made with marital funds. *See, e.g., In re Marriage of Ohrt*, 507 N.E.2d 160, 163 (Ill.App., 3d Dist. 1987). However, the petitioner has failed to come forward with any evidence that this situation is applicable in this case. The Court may not merely assume that this situation might apply to this case. *See* FED. R. CIV. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record …; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). As a result, it appears that the government has properly demonstrated that there is no genuine issue of material fact, and the petitioner did not have a legal, right, title, or interest in the property under Section 853(n)(6)(A) prior to May 29, 2009 when the real property was, in effect, forfeited to the government.

The petitioner is not a bona fide purchaser for value under Section 853(n)(6)(B). Section 853(n)(6)(B) is especially problematic for the petitioner because it requires that the bona fide purchaser for value to be "reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). There can be no doubt that the petitioner, regardless of whether or not she was bona fide purchaser for value, had cause to believe that the property was subject to forfeiture. The real property was seized by the government long before December 20,

2010, and, in addition, the petitioner's husband had been convicted on the forfeiture counts several months before that date. *See* Doc. 93. Even the written settlement agreement acknowledges the seizure and forfeiture by the government as follows:

> 4. The parties represent they own real estate commonly known as 9400 Sawmill Road, Junction, Illinois, 62954. Said real estate has been seized by the U.S. government and the parties are uncertain if they will ever regain "ownership" of said property. Should they regain "ownership", said property shall be the sole property of Wife. Husband shall sign a Quit-Claim Deed transferring all interest he has in said real estate to Wife.
>
> Doc. 180-1 at 7-8.

There being no genuine issue of material fact for a hearing, it is **RECOMMENDED** that the government's motion for summary judgment with respect to Kristina Martin's objection to forfeiture and verified petition (Doc. 193) be **GRANTED**. As a result, it is further **RECOMMENDED** that the petitioner's objection and verified petition (Doc. 180) be **DENIED**.

### C. No Third Party Interests

The government's notice of forfeiture pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure (Doc. 155) provided April 8, 2011 as the last day for filing a verified petition with this Court. Other than the petitioner, no other third party has come forth to assert an interest in the forfeited property. Therefore, if the Court adopts the recommendation contained in this Report and Recommendation with respect to Kristina Martin, it is **RECOMMENDED** that the government's motion for order finding no third party interests (Doc. 190) be **GRANTED**

## RECOMMENDATION

It is **RECOMMENDED** that the government's motion for summary judgment with respect to Kristina Martin's objection to forfeiture and verified petition (Doc. 193) be **GRANTED**.

It is further **RECOMMENDED** that the petitioner's objection and verified petition (Doc. 180) be **DENIED**.

If the Court adopts the recommendation contained in this Report and Recommendation with respect to Kristina Martin, it is further **RECOMMENDED** that the government's motion for order finding no third party interests (Doc. 190) be **GRANTED.**

**SO RECOMMENDED.**

**DATED: July 18, 2011.**

***/s/ Philip M. Frazier***
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**