♦AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 1
Case 4:09-cr-40037-JPG  Document 256  Filed 12/17/12  Page 1 of 8  Page ID #2327

# UNITED STATES DISTRICT COURT
SOUTHERN District of ILLIONIS

UNITED STATES OF AMERICA **FILED** AMENDED JUDGMENT IN A CRIMINAL CASE
V.
RAYMOND M. MARTIN

**DEC 17 2012**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

Case Number: 4:09CR40037-001-JPG
USM Number: 08191-025

Date of Original Judgment: 1/19/2011
(Or Date of Last Amended Judgment)

John J. O'Gara, Jr.
Defendant's Attorney

**Reason for Amendment:**
☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☑ was found guilty on count(s) 1,2,3,4,5,6,7,8,9,10,11,12,13,14 and 15 of the Second Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) | Distribution of Marihuana | 5/11/2009 | 1,2,3ss |
| 18 U.S.C. 924(c) | Carrying a Firearm During & In Relation to a Drug Trafficking Crime | 5/4/2009 | 4ss |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/7/2012
Date of Imposition of Judgment

Signature of Judge
J. Phil Gilbert   District Judge
Name of Judge   Title of Judge

December 17, 2012
Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1A
Case 4:09-cr-40037-JPG Document 256 Filed 12/17/12 Page 2 of 8 Page ID #2328
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment — Page 2 of 12

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 924(c) | Carrying a Firearm During & In Relation to a Drug Trafficking Crime | 5/11/2009 | 5ss |
| 21 U.S.C. 846 | Conspiracy to Distribute & Possess with Intent to Distribute Marihuana | 5/18/2009 | 6ss |
| 18 U.S.C. 1512(a)(2)(A) and (j) | Witness Tampering by Attempting to Use Physical Force | 12/30/2009 | 7ss, 8ss, 9ss |
| 18 U.S.C.1512(a)(2)(A) (j) & (k) | Conspiracy to Tamper with Witnesses by Using Physical Force | 12/30/2009 | 10ss |
| 18 U.S.C.1512(b)(2)(A) & (j) | Witness Tampering by Attempting to Intimidate, Threaten & Corruptly Persuade Witness not to testify | 12/30/2009 | 11ss, 12ss, 13ss |
| 18 U.S.C.1512(b)(2)(A) (j) & (k) | Conspiracy to Tamper with Witnesses by Intimidation, Threats and Corrupt Persuasion | 12/30/2009 | 14ss |
| 31 U.S.C. 5324(a)(3) | Attempted Structuring of Financial Transactions | 12/30/2009 | 15ss |

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page **3** of **12**

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

LIFE (60 months on Counts 1ss, 2ss, 3ss, 6ss & 15ss to run concurrent with each other. 120 months on Cts 7 thru 14ss to run concurrent with each other and concurrent with Cts. 1, 2, 3, 6 and 15 ss the Second Superseding Indictment. Life on Ct. 4ss to run consecutive to Cts. 1, 2, 3, 6 and 7 thru 15 ss. Life on Count 5ss to run consecutive to Ct. 4 ss.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment—Page 4 of 12

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

5 years (5 years on Counts 4, 5, 7 thru 14. 3 years on Counts 1, 2, 3, 6 and 15 of the Second Superseding Indictment. All Counts to run concurrent with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 3C — Supervised Release                                                                                  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment—Page 5 of 12

## SPECIAL CONDITIONS OF SUPERVISION

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay the fine in installments of $500.00 or ten percent of his net monthly income, whichever is greater to commence 30 days after release from imprisonment to a term of supervision until paid in full

X The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

X The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

X Based on the offense, the defendant shall submit his person, residence, real property, place of business, computer, electronic communication and data storage device or media, vehicle and any other property under his control to a search, conducted by the United States Probation Officers and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision, without a warrant. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245C   Case 4:09-cr-40037-JPG   Document 256   Filed 12/17/12   Page 6 of 8   Page ID #2332
(Rev. 9/14) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment — Page 6 of 12

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,500.00 | $ 50,000.00 | $ 660.00 |

☐☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| David Woods | $185.00 | $185.00 | |
| Southern Illinois Drug Task Force (per case number 09-12862). | $475.00 | $475.00 | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for   ☑ fine   ☑ restitution.

    ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:09-cr-40037-JPG   Document 256   Filed 12/17/12   Page 7 of 8   Page ID #2333

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment — Page 7 of 12

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 52,160.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay the fine in installments of $500.00 or ten percent of his net monthly income, whichever is greater to commence 30 days after release from imprisonment to a term of supervision until paid in full

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
See

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C Case 4:09-cr-40037-JPG Document 256 Filed 12/17/12 Page 8 of 8 Page ID #2334
(Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6B — Schedule of Payments (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: RAYMOND M. MARTIN
CASE NUMBER: 4:09CR40037-001-JPG

Judgment—Page 8 of 12

## ADDITIONAL FORFEITED PROPERTY

A. Real property located at 9400 Sawmill Road: Junction, Gallatin County,
Judgment-Page _8_ of
Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:
A part of the Northwest Corner (NW 14) of the Southwest Quarter
(SW/4) of Section Twenty-eight (28), Township Nine (9) South, Range
Nine (9) East of the Third Principal Meridian, Gallatin County, Illinois,
and being more particularly described as follows:
Beginning at a set iron pin at the intersection of the South Line of the McGee Cemetery Road and the East line of Sawmill Road and thence easterly along the South line of McGee Cemetery Road on a bearing of North 89 degrees 8
34 minutes 28 seconds East, a distance of 464.59 feet to a set iron pin; thence Southerly on a bearing of South 00 degrees 06 minutes 58 seconds West, a distance of 439.63 feet to a set iron pin; thence easterly on a bearing of South 88 degrees 01 minutes 47 seconds East, a distance of 350.00 feet to a found iron pin at the Northwest corner of a previously surveyed parcel for James Martin in 1997; thence southerly along the West line of said previously surveyed James Martin parcel on a bearing of South 00 degrees 18 minutes 57 seconds East, a distance of 238.77 feet to a set iron pin; thence Westerly on a bearing of South 88 degrees 55 minutes 59 seconds West, a distance of 400.97 feet to s set iron pin; thence Southerly on a bearing of South 00 degrees 20 minutes 21 seconds East, a distance of 580.05 feet to a set iron pin; thence Westerly on a bearing of South 88 degrees 55 minutes 59 seconds West, a distance of 408.04 feet to a set iron pin on the East line of Sawmill Road; thence Northerly along the East line of Sawmill Road on a bearing of North 00 degrees 25 minutes 05 seconds West, a distance of 1282.11 feet to the point of beginning, containing 14.84 acres, more or less;
SUBJECT TO a 25 foot of equal width easement for ingress and egress across the North side of the above described parcel for the benefit for access to the Moore parcel;
B. $43,690.00 in United States funds.
C. Smith & Wesson .357 caliber revolver bearing serial number X1623 and all ammunition contained therein
A. The following funds, up to but not exceeding, $32,400: 1) $8,000.00 of the $19,000.00 in United States Currency seized from the safe within the offices of Precision Mine Repair on January 3, 2010; 2) a. All funds seized from Account No. XXXXXX3427 at Integra Bank in the name of Marlene Naas custodian for Trey Alex Martin UTMA and converted to Integra Bank Cashier's Check No. 254001417 in the amount of $19,444.27;
b. All funds seized from Account No. XXXXXX3393 at Integra Bank in the name of Marlene Naas custodian for Mason W. Koester UTMA and converted to Integra Bank Cashier's Check No. 254001418 in the amount of $1,428.38;
c. All funds contained within Account No. XXXXXX3385 at Integra Bank in the name of James A. Koester or Marlene Naas and converted to Integra Bank Cashier's Check No. 254001420 in the amount of $1,543.38;
d. All funds seized from Account No. XXXXXX0707 at Integra Bank in the name of James A. Koester or Marlene Naas and converted to Integra Bank Cashier's Check No. 254001419 in amount of $435.85; and
e. All funds represented by Cashier's Check No. 254001407 drawn on Integra Bank payable to Marlene Naas or Kelly Sutton and converted to Integra Bank Cashier's Check No. 254001416 in amount of $2,608.45.
SEE PRELIMINARY ORDER FOR FORFEITURE FOR COMPLETE DETAILS.