IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cr-40037-JPG |
| ) | |
| RAYMOND M. MARTIN, ) | |
| ) | |
|    Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant Raymond M. Martin's Motion to Compel (Doc. 287); Motion for Recruitment of Counsel (Doc. 285); and Motion for Recruitment of Counsel (Doc. 280). The Government did not file a respond to any of these motions.

Discovery in habeas corpus cases is different from discovery in a "normal" civil case. In the context of a habeas corpus proceeding, a district court has discretion to grant discovery upon a showing of "good cause." Rule 6(a) of the Rules Governing § 2255 Proceedings. In addition, the party making the discovery request "must provide reasons for the request." *Id.* at 6(b). Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gamley*, 520 U.S. 899, 909 (1997); *see also United States v. Hull*, No. 02-cv-2, 2006 WL 752481, at *8 (N.D. Ind. Mar. 21, 2006). The petitioner bears the burden of demonstrating the materiality of the discovery he requests. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Hull*, 2006 WL 752481 at *8.

In this matter, Defendant has not filed a § 2255 Petition and as such, the Defendant is seeking relief in a matter not yet initiated. Defendant must first file his § 2255 Petition and then demonstrate the materiality of the discovery he request.

The Defendant also asks the Court to appoint him counsel in this case (Docs. 280 and 287). Again, the Court notes that the Defendant does not have a § 2255 Petition pending within this Court. Once a § 2255 Petition is filed, whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)).

Accordingly, Defendant Raymond M. Martin's Motion to Compel (Doc. 287); Motion for Recruitment of Counsel (Doc. 285); and Motion for Recruitment of Counsel (Doc. 280) are Motions in a matter not currently pending before this Court. As such, the Motions are **DENIED** as **MOOT**.

    **IT IS SO ORDERED.**

    **DATED:**  12/8/2014        s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**